UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ELIZABETH ANNETTE WILSON,

          Plaintiff,

v.

KILOLO KIJAKAZI, A*cting Commissioner of the Social Security Administration,*

          Defendant.

Civil No. 20-1733 (JRT/JFD)

**ORDER DENYING PLAINTIFF'S OBJECTION AND ADOPTING THE REPORT AND RECOMMENDATION**

Donald C. Erickson, **FRYBERGER BUCHANAN SMITH & FREDRICK, PA**, 302 West Superior Street, Suite 700, Duluth, MN 55802, for plaintiff;

James D. Sides, **SOCIAL SECURITY ADMINISTRATION**, 1301 Young Street, Suite 350, Dallas, TX 75202, for defendant.

Plaintiff, Elizabeth Annette Wilson, brought this action against Acting Commissioner of the Social Security Administration, Kilolo Kijikazi, (the "Commissioner") requesting review of the administrative law judge's ("ALJ") denial of Wilson's request for disability insurance benefits. Upon cross-motions for summary judgment, the Magistrate Judge filed a report and recommendation ("R&R") recommending that the Commissioner's motion for summary judgment be granted. Wilson has filed an objection to the R&R but rather than challenge specific portions of the Magistrate Judge's findings, Wilson asserts a new argument. Wilson argues in her objection that the Court should hold that the ALJ was not constitutionally appointed and did not have the authority to render a decision in her case. As such, she requests remand to the ALJ. Because the Court cannot consider new arguments in an objection to an R&R and because Wilson has raised

1

no other objections, the Court will overrule Wilson's objection, adopt the R&R, and grant the Commissioner's motion for summary judgment.

## BACKGROUND

Wilson applied for disability insurance benefits under Titles II and XVI of the Social Security Act in May 2017.  (Soc. Sec. Admin. R. ("R"), 202–08, Mar. 12, 2021, Docket No. 12.)  Wilson alleged several disabilities beginning in January 2014.  (R. 202.)  After holding a hearing, the ALJ issued a written opinion in June 2019 denying Wilson's request for disability benefits.  (R. 16–34.)  Wilson appealed the ALJ's decision to the Appeals Council, but that appeal was denied.  (R. 6–8.)  Wilson then sought judicial review in this Court, asking the Court to reverse and remand the decision of the ALJ, focusing mainly on the ALJ's failure to bump her into an advanced age category.  (Compl., Aug. 7, 2020, Docket No. 1; Pl.'s Mem. Supp. Mot. Summ. J., July 30, 2021, Docket No. 20.)

The parties filed cross-motions for summary judgment.  (Pl.'s Mot. Summ. J., July 30, 2021, Docket No. 19; Def.'s Mot. Summ. J., Sept. 13, 2021, Docket No. 24.)  The Magistrate Judge reviewed the motions and issued an R&R recommending that the Commissioner's motion for summary judgment be granted.  (R&R, Jan. 21, 2022, Docket No. 28.)  Wilson has filed an objection to the R&R but does not challenge the Magistrate Judge's recommendation on the summary judgment motions.  (Pl.'s Obj. to R&R, Feb. 4, 2022, Docket No. 31.)  Rather, Wilson asks this Court to refer the matter back to the Magistrate Judge to consider a narrow legal issue—whether the ALJ who issued Wilson's

decision was properly appointed and therefore had the authority to hear and decide Wilson's claim.  (*Id.*)

## DISCUSSION

### I.   STANDARD OF REVIEW

After a magistrate judge files an R&R, a party may file "specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1).  "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections."  *Mayer v. Walvatne*, No. 07–1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008).  For dispositive motions, the Court reviews "properly objected to" portions of an R&R *de novo* .  Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).  "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error."  *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015).

### II.  ANALYSIS

Wilson did not raise the constitutionality of the appointment of her ALJ before the Magistrate Judge.  28 U.S.C. § 636 provides that upon filing written objections a judge "shall make a de novo determination of those portions of the [R&R] to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further

3

evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C); *accord* Local Rule 72.2(b)(3).

This language does not explicitly prevent the Court from reviewing Wilson's new arguments, but the case law in this Circuit has made it abundantly clear that this would be improper. "[A] claimant must present all his claims squarely to the magistrate judge, that is, the first adversarial forum, to preserve them for review . . . [a] party cannot, in his objections to an R&R, raise arguments that were not clearly presented to the magistrate judge." *Ridenour v. Boehringer Ingelheim Pharms., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012). Before a magistrate judge, parties must not take "only their best shot, but all of their shots." *Id.* Therefore, the Court cannot consider Wilson's constitutionality objection.

Wilson's contention that new issues can be raised on an objection if failure to consider the argument would result in "manifest injustice" stems from a misreading of *Roberts v. Apfel*. In *Roberts*, the Eighth Circuit used the "manifest injustice" standard when discussing whether an argument not raised before the district court was subject to forfeit on appeal to the Eighth Circuit. 222 F.3d 466, 470 (8th Cir. 2000). Thus, the manifest injustice standard applies only when reviewing whether an argument is appealable at the appellate level. In fact, *Roberts* supports the Court's conclusion that it cannot consider Wilson's new argument because the Eighth Circuit held that discussing

4

new arguments in objections to an R&R cannot constitute properly raising that argument to the district court and does not preserve that issue for appeal. *Id.*

Wilson's attorneys contend that they were not aware of the novel legal argument regarding the constitutionality of the ALJ's appointment until January 28, 2022. They claim that they first became aware of the argument because of Magistrate Schultz's order on January 20, 2022 holding that Acting Commissioner Berryhill was not properly acting as Commissioner when she ratified the ALJ appointments. (*Dahle v. Kijakazi*, No. 19-2542 (DTS), Order, Jan. 20, 2022, Docket No. 63.) While the Court agrees that this is a novel legal issue, the Court notes that the parties in *Dahle* had briefed the issue as early as February 2020 and supplemented those arguments by August 2021. Wilson's summary judgment motion was filed in July 2021 but the Commissioner's was not filed until September 2021. The Magistrate Judge did not issue his opinion until January 2022. During this period Wilson's attorneys certainly could have identified and raised the argument before the Magistrate Judge, like the parties in *Dahle* did, and yet they failed to do so. Wilson's attorneys' contentions regarding their awareness of the constitutionality issue does not alter the Court's outcome.

Wilson is correct, she can bring a Rule 60 motion after the Court issues its order and ask the Court to review the constitutionality argument. Wilson has substantial grounds to claim relief under this argument, especially given the recent ruling in *Dahle*. The Court would encourage Wilson to consider filing a Rule 60 motion so that, under the

proper procedures, the Court can consider her new argument. But Rule 60 does not provide an avenue for the Court to review Wilson's argument at this stage. The Court recognizes the procedural hoops this requires Wilson to manuever. But, the Court cannot ignore the exceedingly clear case law in this district prohibiting it from considering new arguments through objections to a R&R. As such, the Court declines to consider Wilson's constitutionality argument raised in her objection and will therefore overrule it. Since Wilson has not objected to any other portion of the R&R, the Court will adopt the R&R and grant the Commissioner's motion for summary judgment.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Wilson's Objection to the Report and Recommendation [Docket No. 40] is **OVERRULED**;

2. The Magistrate Judge's January 21, 2022 Report and Recommendation [Docket No. 28] is **ADOPTED**;

3. The Commissioner's Motion for Summary Judgment [Docket No. 34] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: March 10, 2022  
at Minneapolis, Minnesota.

　　　　　　　　　　　　　　　　　　　　　　　　_____  
　　　　　　　　　　　　　　　　　　　　　　　　JOHN R. TUNHEIM  
　　　　　　　　　　　　　　　　　　　　　　　　Chief Judge  
　　　　　　　　　　　　　　　　　　　　　　　　United States District Court