UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ELIZABETH A.W., | Civil No. 20-1733 (JRT/JFD) |
| Plaintiff, | **MEMORANDUM OPINION AND ORDER ON PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT** |
| v. | |
| KILOLO KIJAKAZI, A*cting Commissioner of the Social Security Administration,* | |
| Defendant. | |

Donald C. Erickson, **FRYBERGER BUCHANAN SMITH & FREDRICK, PA**, 302 West Superior Street, Suite 700, Duluth, MN 55802, for plaintiff;

James D. Sides, **SOCIAL SECURITY ADMINISTRATION**, 1301 Young Street, Suite 350, Dallas, TX 75202, for defendant.

Plaintiff, Elizabeth A.W., brought this action against Acting Commissioner of the Social Security Administration, Kilolo Kijakazi, (the "Commissioner") requesting review of the administrative law judge's ("ALJ") denial of Wilson's request for disability insurance benefits. Upon cross-motions for summary judgment, the Magistrate Judge filed a report and recommendation ("R&R") recommending that the Commissioner's Motion for Summary Judgment be granted. Plaintiff filed objections but improperly based her objections upon a new argument—that the ALJ was not constitutionally appointed and did not have authority to render a decision in her case. The Court overruled Plaintiff's objection and adopted the Magistrate Judge's recommendation, granting the

Commissioner's Motion for Summary Judgment. In its Order, the Court invited Plaintiff to file a Rule 60 motion as that was a more proper method to raise her novel constitutional issue. Plaintiff followed the Court's advice, and her Rule 60 motion is now before the Court. Upon review, Rule 60(b)(1) relief is not appropriate, however, the Court will grant Plaintiff's Motion under Rule 60(b)(6) as she has demonstrated exceptional circumstances that justify relief.

As way of brief background, Plaintiff applied for disability insurance benefits under Titles II and XVI of the Social Security Act in May 2017, but that application was denied. (Soc. Sec. Admin. R. ("R"), 16–34, 202–08, Mar. 12, 2021, Docket No. 12.) Plaintiff appealed the ALJ's decision to the Appeals Council, but that appeal was also denied. (R. 6–8.) Plaintiff then sought judicial review in this Court, asking the Court to reverse and remand the decision of the ALJ, focusing mainly on the ALJ's failure to bump her into an advanced age category. (Compl., Aug. 7, 2020, Docket No. 1; Pl.'s Mem. Supp. Mot. Summ. J., July 30, 2021, Docket No. 20.) Plaintiff did not raise a constitutionality argument in her administrative proceedings.

Plaintiff now requests that the Court grant relief from final judgment under Federal Rule of Civil Procedure 60(b)(1) and (6) and asks the Court to re-open the record for the limited purpose of determining whether the ALJ was constitutionally appointed. At the time Plaintiff's case was decided, Nancy Berryhill was the Acting Commissioner of the Social Security Administration. In 2018, the Supreme Court decided *Lucia v. SEC*, which

held that ALJs who were appointed by lower-level staff were not properly appointed. 138 S. Ct. 2044 (2018). On July 16, 2018, Acting Commissioner Berryhill issued Social Security Ruling 19-1p, which, in response to *Lucia*, ratified the appointment of all ALJs. 84 Fed. Reg. 9582-02, 9583 (Mar. 15, 2019).

Plaintiff contests Acting Commissioner Berryhill's authority to ratify the appointment of the ALJs because her term to serve in the role of Acting Commissioner had expired based on the time limitations set forth in the Federal Vacancy Reform Act, 5 U.S.C. § 3445 (the "FVRA"). The FVRA allows an acting official to serve in the role of SSA Commissioner for no longer than 210 days or, once a first or second nomination for the office is submitted, from the date of the nomination for the period the nomination is pending. 5 U.S.C. § 3446. Acting Commissioner Berryhill assumed her duties on January 20, 2017, and thus, her 210 days ended on November 16, 2017. Commissioner Saul was nominated to the position on April 17, 2018 and confirmed on June 17, 2019.[1] The parties contest whether the FVRA contains a "spring-back provision" such that when Commissioner Saul was nominated, Acting Commissioner Berryhill could resume duties until Saul was confirmed, thus making her ratification of ALJ appointments constitutional.

The issue has become more pressing in this District as a result of a recent opinion in *Brian T.D. v. Kijakazi* where the Magistrate Judge found that Berryhill's ratification was

---

[1] *Andrew M. Saul in as Commissioner of Social Security Administration*, Social Security Administration Press Release (June 17, 2019), *available at* https://www.ssa.gov/news/press/releases/2019/#6-2019-1.

3

ineffective because she was not properly serving as the Acting Commissioner at the time of the SSR and therefore the case must be remanded to the SSA for another hearing before a properly appointed ALJ.  19-cv-2542, 2022 WL 179540 (D. Minn. Jan. 20, 2022). That Order was issued one day prior to Magistrate Judge Docherty issuing his R&R in this case.

## DISCUSSION

### I.   STANDARD OF REVIEW

The Court may grant relief from a final order or judgment under Rule 60(b) based on particular circumstances, including mistake, excusable neglect, or any other reason that justifies relief.  Fed. R. Civ. P. 60(b).  A Rule 60(b) motion "is not a vehicle for simple reargument on the merits."  *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).  Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances."  *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008).

### II.   ANALYSIS

Plaintiff requests relief under both Rule 60(b)(1) and (6).  Rule 60(b)(1) permits relief from judgment if there was a "mistake, inadvertence, surprise, or excusable neglect." Plaintiff relies upon mistake and excusable neglect.  When determining whether neglect is excusable, courts consider the following: "(1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial

4

proceedings; (3) whether the movant acted in good faith; and (4) the reason for the delay, including whether it was within the reasonable control of the movant." *Giles v. Saint Luke's Northland-Smithville*, 908 F.3d 365, 368 (8th Cir. 2018).

Plaintiff argues that her failure to raise this issue before the Magistrate Judge constitutes excusable mistake or neglect because the issue involves a novel and specialized area of constitutional law. Plaintiff contends that only the most extraordinary attorney would have been able to spot and raise the issue at the appropriate time. However, "[i]t is generally held that 'excusable neglect' under Rule 60(b) does not include ignorance or carelessness on the part of an attorney." *Noah v. Bond Cold Storage*, 408 F.3d 1043, 1045 (8th Cir. 2005). While the Court agrees this is certainly a novel and complex constitutional question, the Court is not convinced that Plaintiff counsel's failure to raise the issue before the Magistrate Judge constitutes mistake or excusable neglect. As noted in the Court's prior order, the parties in *Brian T.D.* briefed this issue as early as February 2020 and supplemented their arguments in August 2021. Plaintiff filed her summary judgment motion in this action in July 2021, but the Commissioner did not file his until September 2021. The Magistrate Judge then issued his opinion almost four months later, in January 2022. Though *Brian T.D.* was issued a day prior to the R&R, this legal argument was certainly discoverable by Plaintiff's counsel and could have been presented to the Magistrate Judge prior to January 21, 2022. The Court is unconvinced that it would have only taken an exceptional attorney to identify this argument. As

5

ignorance on the part of an attorney is generally not excusable mistake or neglect, the Court finds that relief under Rule 60(b)(1) is not appropriate.

Rule 60(b)(6) allows the Court to grant relief from judgment for "any other reason that justifies relief." Rule 60(b) motions are granted only upon a showing of "exceptional circumstances." *Jones*, 512 F.3d at 1048. Plaintiff argues that she has met this burden because of the novelty of the question and the recent opinion in *Brian T.D.* Further, she claims that it is "in the interests of justice to grant the requested relief to ensure fair, complete, and consistent application of the law in this jurisdiction." (Mem. Supp. Pl's Mot. Reopen J., at 7, Mar. 29, 2022, Docket No. 43.)

"[A] change in the law that would have governed the dispute, had the dispute not already been decided, is not **by itself** an extraordinary circumstance." *Kansas Pub. Emps. Ret. Sys. v. Reimer & Koger Assocs., Inc.*, 194 F.3d 922, 925 (8th Cir. 1999) (emphasis added). There is certainly a powerful societal interest in the finality of judgments even when the law continues to evolve. *Id.* To be clear, *Brian T.D.* does not change the law that governs Plaintiff's dispute but rather highlights a unique and novel constitutional question whose consideration has just begun in this District. Regardless, Plaintiff must point to more than simply the existence of the opinion in *Brian T.D.* to warrant a finding of extraordinary circumstances.

Plaintiff has done so here. She first raised the issue of the constitutionality of the appointment of her ALJ in her objections to the Magistrate Judge, so there has been no

opportunity for both parties to fully litigate the issue. *Brian T.D.* is a noteworthy and new interpretation of the effects of the FVRA on the constitutionality of Berryhill's appointment. Until recently, litigants were significantly limited in raising any constitutional challenges to the appointment of ALJs in this Circuit. *See Carr. v. Saul*, 141 S. Ct. 1352 (2021) (holding that a challenge to the constitutionality of an appointment of an ALJ need not be raised first before the ALJ, which prior to *Carr*, was required in the Eighth Circuit). Only one other Magistrate Judge has conducted an in-depth analysis of the FVRA, the constitutionality of Berryhill as Acting Commissioner, and the constitutionality of her ALJ ratification. *Richard J.M. v. Kijakazi*, 19-cv-827 (KMM), 2022 U.S. Dist. LEXIS 58606 (D. Minn. Mar. 30, 2022) (adopting a similar holding on the constitutionality issue in line with *Brian T.D.*). Lastly, if the ALJ who rendered a decision in Plaintiff's case was not constitutionally appointed, this would require an entirely new hearing before an ALJ, which would be extremely significant to Plaintiff's case.

The latest development of the issue, the potential impact such a ruling could have on Plaintiff's case, the fact that the issue was just raised and has yet to be fully litigated by the parties, and the need for further development of the issue in this District together constitute extraordinary circumstances. As such, the Court will grant Plaintiff's Motion for Relief from Judgment under Rule 60(b)(6) and remand the case to the Magistrate Judge to consider the narrow issue of whether the ALJ's decision should be vacated and

remanded because the ALJ was not properly appointed to that position under the Constitution.[2]

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b) [Docket No. 42] is **GRANTED**;

2. The Court's Amended Judgment [Docket No. 41] is **VACATED**;

3. The case is re-opened and remanded to the Magistrate Judge for the limited purpose of considering whether the ALJ's decision should be vacated and remanded because the ALJ was not properly appointed to that position under the Constitution.

DATED: July 29, 2022
at Minneapolis, Minnesota.

                                                JOHN R. TUNHEIM
                                                Chief Judge
                                            United States District Court

---

[2] To be clear, the Court takes no position in this Order as to whether Plaintiff's ALJ was constitutionally appointed.